UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EBENEZER K. HOWE IV ROBERT MCNEIL, and MICHAEL ELLIS, | Case No. 1:21-cv-00175-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOHN G. ROBERTS, MILAN D. SMITH JR., BRIDGET S. BADE, MICHELLE T. FRIEDLAND, MARY H. MURGIA, and SRIKANTH SRINIVASAN, | |
| Defendants. | |

## INTRODUCTION

Before the Court is a Motion to Substitute the United States as a Defendant and a Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, and Improper Service (Dkt. 9). Additionally, two of the three plaintiffs have filed an application seeking leave to file this lawsuit.

For the reasons explained below, the Court will: (1) deny plaintiffs Robert McNeil and Michael Ellis's application for leave to file a complaint; (2) grant defendants' motion to dismiss; and (3) dismiss this lawsuit without leave to amend.

# BACKGROUND

Plaintiffs' pro se complaint alleges a single claim – violation of their Fifth Amendment rights to due process of law and meaningful access to the courts based on the defendants' alleged refusal to decide appeals. *Compl.*, Dkt. 1 ¶ 35. All defendants are federal appellate judges. Justice Roberts is the Chief Justice of the United States Supreme Court; Judges Smith, Bade, Friedland, and Murgia are judges on the Ninth Circuit Court of Appeal, and Judge Srinivasan sits on the D.C. Circuit of Appeals. The appeals defendants are allegedly refusing to decide relate to plaintiffs' allegations that they have "discovered an attorney-approved, attorney-shielded program whereby the Government creates the appearance of controversies cognizant in the United States courts, by repeatedly falsifying federal (IRS) digital and paper record concerning victims in a sequential manner." *Compl.*, Dkt. 1 ¶ 15 (footnote citation omitted).

The starting point for understanding plaintiffs' allegations is the Internal Revenue Code and, specifically, 26 U.S.C. § 6020(b). Section 6020(b) authorizes the Secretary to execute a tax return when a person fails to file one:

**(b)  *Execution of return by Secretary***

   **(1)  *Authority of Secretary to Execute Return***

   If any person fails to make any return required by any
   internal revenue law or regulation made thereunder at the

> time prescribed therefor, or makes, willfully or otherwise, a
> false or fraudulent return, the Secretary shall make such
> return from his own knowledge and from such information
> as he can obtain through testimony or otherwise.

26 U.S.C. § 6020(b)(1). Plaintiffs say the IRS has conceded § 6020(b) does not apply to income taxes, but the Commissioner of the IRS nevertheless "extensively falsifies his records to make it *appear* he executes substitute income tax returns on claimed dates, when no such thing ever happens." *See McNeil Dec*., Dkt. 1-11, at 2. Plaintiffs allege they have sued to "terminate" this IRS "program;" that their lawsuits were dismissed; and that they have "repeatedly filed fully-paid appeals of the dismissals." *Compl.*, Dkt. 1, ¶ 17.

And that brings us to the gist of plaintiffs' allegations in this lawsuit. Plaintiffs allege that the defendants have "refused to adjudicate EVERY issue raised on appeal by their damaged fellow Americans." *Id.* ¶ 20. Plaintiffs cite several appellate orders in their complaint, alleging that although these "'orders'" denied appellate relief, they did so in a way that denied meaningful access to the courts. As plaintiffs put it, "From reading the 'orders,' *no one can tell what issues were raised for adjudication on appeal.* Not one was adjudicated, let alone in an 'adequate, effective, meaningful' manner." *Id.* ¶ 22-23. Plaintiffs say they are suing the defendants "solely in personal capacity," and they seek $1,000 in damages from each defendant. Dkt. 1 ¶¶ 38-39.

MEMORANDUM DECISION AND ORDER - 3

## ANALYSIS

**1.      The Injunction**

The first problem with this lawsuit is that two of the three plaintiffs – Robert McNeil and Michael Ellis – are subject to an injunction permanently barring them from filing civil lawsuits that assert "claims against judges that challenge the merit, substance, and/or the process of those judicial officers' decisions with respect to the Internal Revenue Service's program for preparing to assess and assessing income tax liabilities pursuant to 26 U.S.C. § 6020(b)." *Apr. 28, 2018 Amended Order of Permanent Injunction in D.D.C. Case No. 1:18-mc-11-00011-CRC,* Dkt. 1-10, at 4.

This Court easily concludes that the complaint filed here is subject to the injunction. In a nutshell, the complaint deals with the "merit, substance, and/or process" of the judges' decisions relating to the IRS's program for preparing to assess and assessing income tax liabilities under 26 U.S.C. § 6020(b). The Court has carefully considered the plaintiffs' arguments to the contrary and finds them unavailing. The Court will therefore deny Plaintiff McNeil and Ellis's Application for leave to file this lawsuit.

**2.      Plaintiff Howe's Lawsuit**

The next issue is whether the third plaintiff, Ebenezer Howe, may proceed

with this lawsuit on his own. Defendants argue that he cannot because the complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) or alternatively 12(b)(6).

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Federal courts are of "limited jurisdiction" and plaintiff bears the burden to prove the requisite federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Where both jurisdictional and merits grounds are presented in a motion, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th

Cir. 2011) (citation omitted). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Despite his arguments and allegations to the contrary, the allegations in complaint reveal that Mr. Howe is suing all defendants in their official capacities. He is complaining about the manner in which they decide appeals. More specifically, he is arguing that the judges' decisions resolving certain appeals fail to address each issue that was raised on appeal, which allegedly resulted in a Fifth Amendment violation. The defendants are immune from such a suit.

In general, agencies and officers of the United States of America cannot be sued unless Congress has waived the sovereign immunity of the United States. *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). "Any waiver must be unequivocally expressed in statutory text ... and will not be implied." *Id*. (cleaned up; ellipsis in original). The plaintiff bears the burden of establishing the existence of such a waiver, absent which "courts have no subject matter jurisdiction over cases against the [federal] government." *Id*. (alteration in original). Significantly for our purposes here, the sovereign immunity of the United States extends to federal judges sued in their official capacities. *See, e.g., Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir.

Jan. 14, 2015); *Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015).

Accordingly, the defendants are immune from suit and this complaint will be

dismissed without leave to amend. Given this ruling, it is not necessary for the

Court to resolve defendants' remaining arguments.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiffs McNeil and Ellis's Application for Leave to File this lawsuit

(Dkt. 1-2) is **DENIED.**

2.      Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED**.

3.      The Court will enter judgment separately.

DATED: November 3, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**