UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EBENEZER K. HOWE IV, ROBERT MCNEIL, and MICHAEL ELLIS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN G. ROBERTS, MILAN D. SMITH JR., BRIDGET S. BADE, MICHELLE T. FRIEDLAND, MARY H. MURGIA, and SRIKANTH SRINIVASAN,<br><br>Defendants. | Case No. 1:21-cv-00175-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs Ebenezer K. Howe IV, Robert McNeil, and Michael Ellis's Motion to Alter or Amend Judgment (Dkt. 19). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiffs alleged a single claim in their now-dismissed complaint: violation of their Fifth Amendment rights to due process of law and meaningful access to the courts. *Compl.*, Dkt 1, ¶ 15. All defendants are federal appellate judges.

Plaintiffs allege that they have "discovered an attorney-approved, attorney-

MEMORANDUM DECISION AND ORDER - 1

shielded program whereby the Government creates the appearance of controversies cognizant in United States courts, by repeatedly falsifying federal (IRS) digital and paper records concerning victims in a certain sequential manner." *Id.* ¶ 15. They allege that they have sued to terminate the program but that their cases were "dismissed on a variety of claimed bases by district judges, none of which are germane to this suit." *Id.* ¶ 16. And on appeal, the defendant judges allegedly "refused to adjudicate EVERY issue raised on appeal by their damaged fellow Americans." *Id.* ¶ 20.

In November 2021, this Court granted the defendants' motion to dismiss. The Court's reasoning is more fully detailed in its Memorandum Decision and Order. *See* Dkt. 17. Briefly, however, the Court will summarize its rulings to provide context for this decision.

*First*, the Court determined that two of the three plaintiffs (Robert McNeil and Michael Ellis) were barred from bringing this lawsuit, as they are subject to an injunction permanently enjoining them from filing civil lawsuits that assert "claims against judges that challenge the merit, substance, and/or the process of those judicial officers' decisions with respect to the Internal Revenue Service's program for preparing to assess and assessing income tax liabilities pursuant to 26 U.S.C. § 6020(b)." *Apr. 28, 2018 Amended Order of Permanent Injunction in D.D.C. Case*

MEMORANDUM DECISION AND ORDER - 2

*No. 1:18-mc-11-00011-CRC*, Dkt. 1-10, at 4. The Court therefore denied these two plaintiffs' application for leave to file suit.

*Second*, the Court concluded that the third plaintiff, Ebenezer Howe, could not pursue the complaint because the defendant judges are immune from suit.

Based on these rulings, the Court denied McNeil and Roberts' application to sue, dismissed the complaint, and entered judgment in defendants' favor. Plaintiffs seek relief under Federal Rule of Civil Procedure 59(e).

## LEGAL STANDARD

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed not later than 28 days after entry of the judgment." The rule does not enumerate specific grounds for relief, but the Ninth Circuit has held that, in general, "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) motions are disfavored, as amending or altering a judgment is "an extraordinary remedy," which is "to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*,

342 F.3d 934, 945 (9th Cir. 2003). The moving party bears the burden of establishing the need for relief under this rule. *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that reopening a judgment under Rule 59(e) is a "high hurdle" for plaintiffs to clear).

## ANALYSIS

Plaintiffs' Rule 59(e) motion does not present newly discovered or previously unavailable evidence, nor does it identify an intervening change in controlling law. So the motion can only be granted if necessary to correct manifest errors of law or fact or to prevent manifest injustice.

**A. Manifest Errors of Law or Fact**

Plaintiffs do not argue that the Court's decision rested upon any errors of fact. Instead, they say that the Court committed "two egregious errors": (1) citing and discussing Internal Revenue Code § 6020(b) in its decision; and (2) concluding that sovereign immunity applied to defendants, as federal judges being sued in their official capacities. In other words, plaintiffs are saying that the Court's decision rested upon legal errors. They also claim manifest injustice. The Court is not persuaded on either score.

### 1. Internal Revenue § 6020(b)

First, regarding the Court's citation to 26 U.S.C. § 6020(b), the fact that a court cites and discusses a statute to provide context to its ruling (or to allegations

in a complaint) does not add up to an error of law – and certainly not the sort of error supporting Rule 59(e) relief. More specifically, in the context of the complaint filed in this case, plaintiffs cannot fairly say that § 6020(b) has no bearing on their claims. The complaint itself repeatedly refer to an "IRS record falsification program used to enforce the income tax on certain Americans." *Compl.*, Dkt. 1, ¶ 15; *see also id.* ¶¶ 1, 11, 13, 14, 25, 31, 37. And in a footnote citation within the complaint, plaintiffs direct the reader to the McNeil declaration, which is described as being filed "in support of the Complaint." The McNeil declaration, in turn, elaborates upon the "record falsification program" and, in so doing, directly references 26 U.S.C. § 6020(b). *See Compl,* Dkt. 1, at 4 n.4; *McNeil Dec.*, Dkt. 1-11, at 2. So it's simply not accurate to say § 6020(b) is irrelevant to the complaint, or, as plaintiffs put it, that discussion of § 6020(b) was "a specious fabrication transparently inserted to justify dismissal and clearly aris[ing] from Mr. Winmill's knowledge gained extra-judicially.'" *Mtn.*, Dkt. 19, at 1 n.2. Rather, as plaintiffs' filings implicitly recognize, § 6020(b) provides the context necessary to understand the allegations regarding the alleged "records falsification program."

Finally, the § 6020(b) issue is a red herring anyway because the Court plainly understood – and said as much in its decision – that the gist of the lawsuit was the allegation that the defendant judges had "refused to adjudicate EVERY issue raised on appeal by their damaged fellow Americans.'" *Dkt. 17* (citing

**MEMORANDUM DECISION AND ORDER - 5**

*Compl.*, Dkt. 1, ¶ 20). Under these circumstances, the Court is not persuaded that it committed error by citing or discussing Internal Revenue Code § 6020(b).

### 2. Sovereign Immunity

Turning to the second claimed error – regarding sovereign immunity – the Court correctly dismissed plaintiffs' complaint because the defendants are immune from suit. This point was fully explained in the Court's dismissal order. In a nutshell, though, federal judges are immune from civil liability for judicial acts, unless those acts were clearly in absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). On this score, the plaintiffs simply disagree with the Court's ruling, and that not sufficient to warrant Rule 59(e) relief.

## B. Manifest Injustice

Plaintiffs also repeatedly say that the Court's order was manifestly unjust, for the same reasons discussed above. Manifest injustice is an "exceptionally narrow concept" that typically arises only from rulings that upset settled expectations on which a party reasonably relied. *Slate v. ABC*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013). Plaintiffs' blanket accusations do not provide the foundation necessary for a finding of manifest injustice, and they have not cited any authority that supports their argument.

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion to Alter or Amend Judgment (Dkt. 19) is **DENIED**.

DATED: February 28, 2022

_____
B. Lynn Winmill
U.S. District Court Judge